The City of St. Louis v. Bircher, *Appellant.*

1. **Taxation**: POWERS OF CITY OF ST. LOUIS. The city of St. Louis was empowered by the constitution of 1875 to make provision in its charter for the levy of taxes by its municipal assembly, upon such subjects and in such manner as would not be in contravention of the constitution and laws of the State.

2. The "**Municipal Corporations**" mentioned in section 1, article 10 of the constitution, are those which derive their existence from legislative enactment. The city of St. Louis is not included in the term.

3. The **Ordinance of the City of St. Louis** licensing hotels and boarding houses is valid. *St. Louis v. Bircher,* 7 Mo. App. 169, affirmed.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*W. H. H. Russell* for appellant.

*Leverett Bell* for respondent.

The charter of St. Louis authorizes the city government to license, tax and regulate hotels and boarding houses. 2 R. S., p. 1586, par. 5, § 26, art. 3. Ordinance

10,662 is a valid exercise of the power thus granted. Every point made in this case is settled against the appellant. *St. Louis v. Sternberg*, 69 Mo. 289; *St. Louis v. Green*, 70 Mo. 562; *s. c.*, 6 Mo. App. 591; *St. Louis, v. Bircher*, 7 Mo. App. 169.

HENRY, J.—Defendant was prosecuted and fined in the police court of the city of St. Louis, for violating a city ordinance, in keeping a hotel without license. The judgment was affirmed by the court of criminal correction and by the court of appeals, and defendant has appealed to this court.

The following is the ordinance in question:

"Section 1. A house where persons are furnished with either board or lodging, or both, for a conpensation paid, or to be paid therefor, and having more than four bedrooms for the use of guests, is a hotel or boarding house within the meaning of this ordinance.

"Sec. 2. There shall be levied and collected by the collector, for every hotel or boarding house, the sum of fifty cents for every room in such house, which has been constructed or intended to be used as bed-rooms or parlors, the payment of which amount shall entitle such hotel or boarding house to a license for one year, and no license shall be issued for a less term than one year.

"Sec. 3. Any person, firm or corporation who shall keep a hotel or boarding house without first having obtained a license therefor, according to the provisions of section 2 of this ordinance, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in double the amount required for license for such hotel or boarding house, not exceeding, however, the sum of $500; but nothing in this ordinance shall be so construed as to mean houses where relations of the family only are boarding for a compensation."

Appellant's counsel has filed an elaborate argument, in which, if we understand it, he maintains that because it

is provided in section 1, article 10 of the constitution, that: "The taxing power may be exercised by the general assembly for State purposes, and by counties and other municipal corporations, under authority granted to them by the general assembly, for county and other purposes," the ordinance in question is void, no legislative authority having been given the city to pass it, and section 20, article 9, authorizing the city to frame for itself a charter for its government, provides that it shall be "in harmony with and subject to the constitution and laws of Missouri."

Provision is made in the constitution for the separation of the city from the county of St. Louis, and it even contemplates that, by the charter which the city was authorized to frame, the legislative authority of the city might be invested with the power to levy taxes for the support of the city government. Section 23, which declares that: "Such charter and amendments shall always be in harmony with and subject to the constitution and laws of Missouri," expressly excepts, in that connection, provisions for the graduation of the rate of taxation for city purposes, in the portions which are added thereto by the proposed enlargement of its boundaries." This is a dictinct recognition of the right of the city to make provision in its charter for levying and collecting city taxes for the maintenance of the city government. Section 20 authorizes the city to separate from the county and to adopt a charter for its government. Section 23 requires it to take upon itself the entire park tax, and to assume the whole of the then existing county debt, and from the right to adopt a charter for its government, and the obligation to assume said pecuniary obligations, it is by no means a forced inference that the city was empowered to make provision in its charter for the levy of taxes by its municipal assembly, upon such subjects and in such manner as would not be in contravention of the constitution and the laws of the State.

The municipal corporations mentioned in section 1, article 10, which derive their authority to levy taxes from

legislative grant, are those which derive their existence from legislative enactment, and that embraces at present all municipal corporations in the State, except the city of St. Louis. We have noticed this point because it is not mentioned by the court of appeals in its opinion, in which, on the other questions involved, we all concur and affirm the judgment.